# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KANZA CONSTRUCTION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-CV-0489-W-DGK |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER DISMISSING CASE FOR *FORUM NON CONVENIENS*

This case concerns a contract dispute. Plaintiff Kanza Construction, Inc. ("Kanza") subcontracted with Defendant Kansas City Southern Railway Company ("KCS") to assist Kanza in constructing a bridge in Mississippi. KCS has sued Kanza for claims related to that subcontract (Doc. 1).

Pending before the Court are KCS's motion to dismiss for improper venue (Doc. 5) and KCS's motion to dismiss on *forum non conveniens* grounds (Doc. 26). Because the valid forum-selection clause specifies that the parties shall litigate all contractual issues in Mississippi, the Court exercises its discretion under *forum non conveniens* and GRANTS KCS's amended motion to dismiss.

**Factual Background**

For the purposes of this motion, the parties have not disputed the essential facts. In 2010, Plaintiff Kanza agreed to build a bridge and related support infrastructure for the City of Vicksburg, Mississippi (the "City"). Kanza executed a subcontract agreement (entitled the "Master Agreement") with Defendant KCS in which KCS agreed to perform the majority of the work required by KCS's contract with the City. Section 17 of the Master Agreement states:

"Except as necessary to enforce indemnity or defense obligations, the parties must bring court proceedings in Mississippi state court located in Warren County, Mississippi." That same section further states: "This Agreement and the rights and obligations of the parties are governed by the laws of the state of Mississippi, without regard to any conflict of laws principles."

After KCS and Kanza began work on the project, disputes arose. Kanza filed a four-count complaint (Doc. 1) which relates entirely to the parties' performance under the Master Agreement. KCS moved to dismiss for improper venue under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) on the basis that the Master Agreement contained a valid forum-selection clause requiring Kanza to file any lawsuits only in the state court of Warren County, Mississippi ("Warren County Court"). After the motion was fully briefed, the United States Supreme Court decided *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013). This decision clarified the relationship between venue and forum-selection clauses and held that the common-law doctrine of *forum non conveniens*, not Rule 12(b)(3), was an appropriate vehicle for enforcing a forum-selection clause. Twenty-one days later, KCS amended its motion, withdrawing its reliance on Rule 12(b)(3) and instead basing its request for relief on *forum non conveniens*.[1]

## Discussion

Kanza opposes KCS's amended motion on two bases. First, as a procedural matter, Kanza argues that KCS untimely amended its motion. Second, Kanza challenges enforcement of the forum-selection clause, arguing that the clause is ambiguous and that the Court should decline *forum non conveniens* dismissal. As explained below, all of these arguments are without merit.

---

[1] KCS renewed its reliance on Rule 12(b)(6) as an alternative ground for relief. Because the Court dismisses the case on the basis of *forum non conveniens*, it need not address this argument.

## I. Kanza's amended motion is timely.

Kanza asserts that KCS's motion was untimely amended. Kanza argues that KCS could have raised a *forum non conveniens* argument when it filed its original motion, so it cannot now belatedly invoke it as a grounds for dismissal.

At the time KCS filed its original motion, Eighth Circuit cases stated that Rules 12(b)(3) and 12(b)(6) were the proper vehicles to dismiss a case on forum-selection grounds. *See, e.g.*, *Rainforest Cafe, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 545 n.5 (8th Cir. 2003). Some two months after KCS filed its original motion, the Supreme Court released *Atlantic Marine* and held that *forum non conveniens*, not Rule 12(b)(3), is the exclusive avenue for the relief KCS seeks. *Atl. Marine*, 134 S. Ct. at 577. Given that the legal grounding for KCS's motion was appropriate at the time it was filed, the Court permits KCS to amend its motion as a matter of basic fairness. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Moreover, with no federal rule on point,[2] other federal courts have explicitly held that *forum non conveniens* motions are not waived when omitted from initial pleadings. *See, e.g.*, *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009); 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3828 (4th ed. 2013) (collecting cases). The Court finds KCS's amended motion was timely.

## II. The Court exercises its discretion to dismiss for *forum non conveniens*.

Next, the Court considers whether it should dismiss this case for *forum non conveniens*. KCS requests such dismissal because Warren County Court was agreed to by the parties as the most proper forum for adjudicating disputes arising under the Master Agreement.

---

[2] Contrary to Kanza's objections, no Federal Rule of Civil Procedure prohibits KCS's amended motion. Rule 12(g) governs the timely filing of only certain enumerated defenses, none of which is *forum non conveniens*. Rule 15 governs when a party may amend a pleading, but KCS's motion is not a pleading.

Generally, a plaintiff has a "venue privilege" to choose where to bring its suit, subject to jurisdictional and venue limitations. *Van Dusen v. Barrack*, 376 U.S. 612, 633–35 (1964). Notwithstanding this general venue privilege, a court may dismiss a case under the doctrine of *forum non conveniens* when another forum may more appropriately or conveniently adjudicate the controversy. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 257 (1981).

The court's discretion to dismiss broadens when the case involves a valid forum-selection clause pointing the parties to a different forum. Before conducting a *forum non conveniens* analysis based on a forum-selection clause, the Court must first determine whether the Master Agreement contains a valid forum-selection clause unambiguously requiring the parties to bring suit in another forum.

**A. The Master Agreement contains a valid forum-selection clause.**

A forum-selection clause implicates *forum non conveniens* when (1) it is part of a valid and enforceable contract and (2) is unambiguously mandatory. Kanza does not argue that the Master Agreement is an invalid contract or that its enforcement would be unreasonable or unjust. Rather, it argues that Section 17 of the Master Agreement is not unambiguously mandatory and instead merely permits the parties to bring suit in Warren County Court. The Court finds this argument to be without merit.

To determine whether Section 17 is an unambiguously mandatory forum-selection clause, the Court must ascertain what law governs its interpretation. Generally, disputes with regard to contract interpretation are governed by state law.[3] *Larken, Inc. v. Wray*, 189 F.3d 729, 732–33 (8th Cir. 1999). The Court must thus determine which state's law to apply. To do so, a court

---

[3] KCS discusses how in this Circuit "there is some disagreement over whether the *validity* of forum selection clauses is a question of federal or state law." (Doc. 6 at 3 (quoting *York v. Westwood Contractors, Inc.*, No. 6:06-CV-3468-ODS, 2007 WL 781830, at *1 (W.D. Mo. Mar. 13, 2007)) (emphasis added).) Be that as it may, the Eighth Circuit has definitively decided that the *interpretation* of contracts is a question of state law, which is the dispute here.

applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The forum state here, Missouri, has adopted the choice-of-law rules outlined in the Restatement (Second) of Conflict of Laws. *See Armstrong Bus. Servs., Inc. v. H & R Block*, 96 S.W.3d 867, 872 (Mo. Ct. App. 2002). The Second Restatement, in turn, mandates courts to apply "[t]he law of the state chosen by the parties to govern their contractual rights and duties." Restatement (Second) of Conflict of Laws § 187(1) (1971). Here, the Master Agreement specifies that the "rights and obligations of the parties are governed by the laws of the state of Mississippi." Thus, Mississippi contracts law supplies the standard for determining whether a contract is ambiguous.

In Mississippi, a contract is ambiguous if it is susceptible to two reasonable interpretations. *Dalton v. Cellular S., Inc.*, 20 So. 3d 1227, 1232 (Miss. 2009). The court determines ambiguity by reviewing the four corners of the instrument in dispute. *Id.* at 1232–33. Specifically, a court should interpret a forum-selection clause as mandatory if it "has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Fair v. Lighthouse Carwash Sys., LLC*, 961 So. 2d 60, 64 (Miss. Ct. App. 2007). This is a question of law committed to the court. *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 110 (Miss. 2005).

The Court finds that Section 17 of the Master Agreement is an unambiguously mandatory forum-selection clause. Section 17 states: "Except as necessary to enforce indemnity or defense obligations, the parties must bring court proceedings in Mississippi state court located in Warren County, Mississippi." This clause uses the word "must"—language of exclusivity—and applies without limitation to all "court proceedings" (subject to insurance-related exceptions the parties agree do not apply here). The plain language of Section 17 leads to only one reasonable

interpretation, which is that the Master Agreement unequivocally specifies Warren County Court as the only venue available for legal action. Further, the Court finds no conflicting provisions elsewhere in the Master Agreement that counsel against this interpretation. Thus, Section 17 is an unambiguous, mandatory forum-selection clause that applies to the instant court proceeding. *See also New S. Equip. Mats, LLC v. Keener*, No. 3:13CV162TSL-JMR, 2013 WL 5946371, at *3 n.1 (S.D. Miss. Nov. 5, 2013) (finding that a similar clause requiring "[a]ny suit or action arising out of . . . this Agreement or any breach hereof, *shall be brought* and maintained in the federal or state courts of Madison County, Mississippi" to be an "unquestionably mandatory" forum-selection clause) (emphasis added).

### B. The Court dismisses on *forum non conveniens* grounds.

Because the Master Agreement contains an unambiguous, mandatory forum-selection clause, the Court must now determine whether it should dismiss for *forum non conveniens*. Where a forum-selection clause is at issue, a court can dismiss for *forum non conveniens* and enforce the forum-selection clause as written (i.e., force the plaintiff to bring its lawsuit in the forum designated by the contract) unless one of two conditions are met. First, there must be no adequate alternative forum available. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947). Second, the court must find that "extraordinary circumstances unrelated to the convenience of the parties" exist. *Atl. Marine*, 134 S. Ct. at 581.[4] In forum-selection clause cases, "[a]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that

---

[4] Although the *Atlantic Marine* case arose under the venue transfer statute, 28 U.S.C. § 1404(a), and not *forum non conveniens*, *Atlantic Marine* specifically noted that "the same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums." 134 S. Ct. at 583 n.8. This is because the underlying principles of venue transfer and *forum non conveniens* are the same; the primary difference between the two is just that § 1404(a) effects transfer only to another federal forum. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("For the federal court system, Congress has codified the doctrine [of *forum non conveniens*]."). Here, the forum-selection clause points to a state forum so *forum non conveniens* applies, but the rationale of *Atlantic Marine* is applicable regardless of where the forum-selection clause points.

[having its case dismissed and then having to refile in] the forum for which the parties bargained is unwarranted." *Id.* at 582. "[T]he practical result is that forum-selection clauses should control except in unusual cases." *Id.*

As explained below, the Court finds that Kanza has not sustained its burden and exercises its discretion to dismiss for *forum non conveniens*.

**1. An adequate alternative forum exists.**

Kanza must demonstrate that Warren County Court is not an alternative adequate forum. It has failed to make this two-part showing. First, there is no question that Warren County Court is an alternative forum. An alternative forum is where a defendant is amenable to service of process, that is, where it is subject to personal jurisdiction. *Gulf Oil Corp.*, 330 U.S. at 506–07. A defendant may be subject to personal jurisdiction through consent. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982). By signing a contract with a valid forum-selection clause, a defendant consents to submit to the personal jurisdiction of the court indicated in that clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001). Here, the validly-formed Master Agreement specifies that the parties must litigate all disputes in Warren County Court. Since KCS has thus consented to the personal jurisdiction of the courts of Mississippi, there exists an alternative forum.

Next, Kanza must show that Warren County Court is not an "adequate" forum. A forum is inadequate in those "rare circumstances" where "the remedy offered by the other forum is clearly unsatisfactory." *Piper Aircraft*, 454 U.S. at 254 n.22. It is insufficient for a party to merely show "that the substantive law that would be applied in the alternative forum is less favorable to the plaintiff than that of the present forum." *Id.* at 247. Kanza makes no argument

7

that Warren County Court cannot adequately hear this case. Accordingly, the Court finds that Warren County Court is an adequate alternative forum.

### 2. This case does not implicate extraordinary public concerns.

The final way Kanza can eliminate the Court's *forum non conveniens* discretion is to demonstrate that this is one of the "unusual cases" where public-interest factors weigh against dismissal. *See Atl. Marine*, 134 S. Ct. at 582. Public-interest factors include considerations like "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[, and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). As the Supreme Court noted, such factors "will rarely" justify non-enforcement of a valid clause. *Id.* at 582.

This does not appear to be an exceptional or unusual case. The Court is not aware of, and Kanza does not suggest, any of the above public-interest factors which strongly counsel against dismissal. Kanza intimates that Missouri, not Mississippi, is the ideal forum because the courthouse of the Western District of Missouri in Kansas City is "located only 65 miles from Kanza's principal place of business in KCS's hometown." The parties' hometowns do not make this a localized controversy or give Missouri a local interest, given that the bridge project at the heart of the contract was in Mississippi and the parties' performance was primarily in Mississippi. Rather, this contention goes to the parties' *private* interests, which are accorded no weight in this analysis. *See id.* at 581 (stressing that the requisite "extraordinary concerns" cannot be related to the parties' convenience). Since Plaintiffs cannot identify any public-interest factors that weigh against enforcement of the forum-selection clause, the Court finds dismissal is warranted under *forum non conveniens.*

**Conclusion**

KCS's Amendment to Motion to Dismiss for Improper Venue (Doc. 26) is GRANTED, its Motion to Dismiss for Improper Venue (Doc. 5) is DENIED as moot, and the case is DISMISSED.

**IT IS SO ORDERED.**

Date:  April 7, 2014  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT